# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINO FERRULLI, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| BCA FINANCIAL SERVICES, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, GINO FERRULLI, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, BCA FINANCIAL SERVICES, INC. ("BCA FINANCIAL"), JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Morris County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. BCA FINANCIAL maintains a location at 18001 Old Cutler Road, Suite 462, Miami, Florida 33157.

8. Upon information and belief, BCA FINANCIAL uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. BCA FINANCIAL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## **CLASS ACTION ALLEGATIONS**

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants, which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from BCA FINANCIAL concerning a debt owed to SAINT BARNABAS MEDICAL CENTER, which included the alleged conduct and practices described herein.

- The class definition may be subsequently modified or refined.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to May 2, 2017, Plaintiff allegedly incurred a financial obligation to SAINT BARNABAS MEDICAL CENTER ("SAINT BARNABAS").

16. The SAINT BARNABAS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The SAINT BARNABAS obligation did not arise out of a transaction that was for non-personal use.

18. The SAINT BARNABAS obligation did not arise out of a transaction that was for business use.

19. The SAINT BARNABAS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. SAINT BARNABAS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before May 2, 2017, the SAINT BARNABAS obligation was referred to BCA FINANCIAL for the purpose of collection.

22. At the time the SAINT BARNABAS obligation was referred to BCA FINANCIAL the SAINT BARNABAS obligation was past due.

23. At the time the SAINT BARNABAS obligation was referred to BCA FINANCIAL the SAINT BARNABAS obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

24. Defendants caused to be delivered to Plaintiff a letter dated May 2, 2017, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

25. The May 2, 2017 letter was sent to Plaintiff in connection with the collection of the SAINT BARNABAS obligation.

26. The May 2, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. The May 2, 2017 letter is the initial written communication sent from Defendant to the Plaintiff.

28. Upon receipt, Plaintiff read the May 2, 2017 letter.

29. The May 2, 2017 letter contained the Defendant's contact information at the top of the letter:

Case 2:17-cv-13177-KSH-CLW   Document 1   Filed 12/18/17   Page 7 of 14 PageID: 7

**BCA Financial Services, Inc.**

18001 Old Cutler Road, Suite 462     A Debt Collection Company

Miami Florida 33157-6437     Phone: 305-777-7100 if calling from outside

Miami Dade: 888-277-8360

Our office is open 8:00 AM to 5:00 PM Monday through Friday and Some evenings until 8:00 PM, EST

30. The May 2, 2017 letter stated in part:

This account has been placed for collections and is seriously past due. The creditor extended services to you in good faith and expects to be paid for these services.

**If you have any questions regarding this debt you may speak to an account representative by calling our office. Absent any communication from you we will expect to receive payment on this account. Our office is open 8:00 AM to 5:00 PM Monday through Friday and some evenings until 8:00 PM, EST.** [emphasis added].

31. The May 2, 2017 letter also stated in part:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

32. Section 1692g(a)(3)of the FDCPA requires to debt collector to:

Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

33. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). *Caprio v. Healthcare Revenue Recovery Group*, 709 F.3d 142 (3d Cir. March 1, 2013).

34. BCA FINANCIAL knew or should have known that its actions violated the FDCPA.

35. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

36. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Failing to provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(3);

37. On information and belief, Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

38. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40. The May 2, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute *must* be in writing.

41. The least sophisticated consumer upon reading the May 2, 2017 letter would be confused as to what he or she must do to effectively dispute the alleged debt.

42. The least sophisticated consumer wishing to dispute the alleged debt would be confused as to what steps he or she should take to notify Defendants of his or her dispute.

43. The least sophisticated consumer upon reading the instructions in the May 2, 2017 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she may (1) notify Defendants by calling the telephone number(s) provided: or (2) write to Defendants at the address listed on the letter.

44. Defendants' instructions in the May 2, 2017 letter would cause least sophisticated consumer to be unsure as to what he or she must do to effectively dispute the alleged debt.

45. A dispute of a debt, to be effective, in the Third Circuit, must be in writing. Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991). Caprio v. Healthcare Revenue Recovery Group, 709 F.3d 142 (3d Cir. March 1, 2013).

46. Defendants violated 15 U.S.C. §1692g(a)(3) by failing to effectively inform Plaintiff in the May 2, 2017 letter, what he or she must do in order to dispute the alleged debt.

47. Defendants violated 15 U.S.C. §1692e(10) by falsely representing and misleading Plaintiff into believing that if he wished to dispute the alleged debt or any portion thereof, that he may (1) notify Defendants by calling the telephone number(s) provided; or (2) write to Defendants at the address listed in the letter.

48. The May 2, 2017 letter is misleading because the instructions can be read to have two or more meaning, which one is inaccurate.

49. The May 2, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by calling Defendants at the telephone number(s) provided.

50. The May 2, 2017 letter can be read to mean that the least sophisticated consumer may dispute the alleged debt by notifying Defendants in writing at the address provided.

51. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

53. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

54. Plaintiff and others similarly situated were sent letters, which would have affected their decision-making with regard to the debt.

55. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorney(s), Joseph K. Jones, Esq., as Class Counsel;

      (b)      Awarding Plaintiff and the Class statutory damages;

      (c)      Awarding Plaintiff and the Class actual damages;

      (d)      Awarding pre-judgment interest;

      (e)      Awarding post-judgment interest.

      (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

      (g)      Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: December 18, 2017

                  *s/ Joseph K. Jones*
                  Joseph K. Jones, Esq.
                  JONES, WOLF & KAPASI, LLC
                  375 Passaic Avenue
                  Fairfield, New Jersey 07004
                  (973) 227-5900 telephone
                  (973) 244-0019 facsimile
                  jkj@legaljones.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                  *s/ Joseph K. Jones*
                  Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 18, 2017

*/s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit A

**BCA Financial Services, Inc.**
A Debt Collection Company
Phone: 305-777-7100, if calling from outside
Miami Dade: 888-277-8360
Our office is open 8:00 AM to 5:00 PM Monday through Friday and some evenings until 8:00 PM, EST

18001 Old Cutler Road, Suite 462
Miami Florida 33157-6437

**CHANGE SERVICE REQUESTED**

May 2, 2017

| | |
|---|---|
| Mail correspondence to: | BCA Financial Services, Inc.<br>18001 Old Cutler Rd, Ste 462<br>Miami FL 33157-6437 |
| Make checks payable and mail to: | Saint Barnabas Medical Center<br>P.O. Box 29960<br>New York NY 10087-9960 |

GINO FERRULLI

*Please refer to ▮▮▮▮ when calling our office.*

Responsible Party: GINO FERRULLI
For: GINO FERRULLI
Creditor: SAINT BARNABAS MEDICAL CENTER
Creditor Account Number: ▮▮▮▮

Occurrence date: 10/17/16
Balance: $780.00

This account has been placed for collections and is seriously past due. The creditor extended services to you in good faith and expects to be paid for these services.

If you have any questions regarding this debt you may speak to an account representative by calling our office. Absent any communication from you we will expect to receive payment on this account. Our office is open 8:00 AM to 5:00 PM Monday through Friday and some evenings until 8:00 PM, EST.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

Date: May 2, 2017
Creditor Account Number: ▮▮▮▮

Amount Paid: $_____

| | |
|---|---|
| Mail correspondence to: | BCA Financial Services, Inc.<br>18001 Old Cutler Rd, Ste 462<br>Miami FL 33157-6437 |
| Make checks payable and mail to: | Saint Barnabas Medical Center<br>P.O. Box 29960<br>New York NY 10087-9960 |

CIRCLE CARD USING FOR PAYMENT

CARD NUMBER + 3 OR 4-DIGIT SECURITY CODE (ON BACK)    AMOUNT

CARD BILLING ADDRESS AND ZIP CODE

SIGNATURE    EXP DATE

Saint Barnabas Medical Center
P.O. Box 29960
New York NY 10087-9960