# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GINO FERRULLI,<br><br>*Plaintiff,*<br><br>v.<br><br>BCA FINANCIAL SERVICES, INC.,<br><br>*Defendant.* | Civil No.: 17-cv-13177 (KSH) (CLW)<br><br><u>OPINION</u> |

**Katharine S. Hayden, U.S.D.J.**

This matter comes before the Court on defendant's motion to dismiss plaintiff Gino Ferrulli's class action complaint (D.E. 6) in which he alleges that BCA Financial Services ("BCA") sent him and others similarly situated a debt collection letter that violates two provisions of the Fair Debt Collection Practices Act ("FDCPA"): 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692g(a). For the reasons expressed below, the Court grants the motion.

**I.  Factual Background**

Ferrulli incurred a $780 debt to Saint Barnabas Medical Center, which was referred to BCA for collection purposes. (D.E. 1, Compl. ¶¶ 15, 21.) BCA proceeded by sending Ferrulli a collection letter dated May 2, 2017, fully reproduced here:

1

18001 Old Cutler Road, Suite 462
Miami Florida 33157-6437

**CHANGE SERVICE REQUESTED**

BCA Financial Services, Inc.
A Debt Collection Company
Phone:305-777-7100, if calling from outside
Miami Dade:888-277-8360
Our office is open 8:00 AM to 5:00 PM Monday through Friday and
some evenings until 8:00 PM, EST

| Mail correspondence to: | BCA Financial Services, Inc.<br>18001 Old Cutler Rd, Ste 462<br>Miami FL 33157-6437 |
|---|---|
| Make checks payable and mail to: | Saint Barnabas Medical Center<br>P.O. Box 29960<br>New York NY 10087-9960 |
| | *Please refer to ▮▮▮ when calling our office.* |

May 2, 2017

GINO FERRULLI

Responsible Party: GINO FERRULLI
For: GINO FERRULLI
Creditor: SAINT BARNABAS MEDICAL CENTER
Creditor Account Number: ▮▮▮

Occurrence date: 10/17/16
Balance: $780.00

This account has been placed for collections and is seriously past due. The creditor extended services to you in good faith and expects to be paid for these services.

If you have any questions regarding this debt you may speak to an account representative by calling our office. Absent any communication from you we will expect to receive payment on this account. Our office is open 8:00 AM to 5:00 PM Monday through Friday and some evenings until 8:00 PM, EST.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

---

Date: May 2, 2017
Creditor Account Number: ▮▮▮

Amount Paid: $_____

| Mail correspondence to: | BCA Financial Services, Inc.<br>18001 Old Cutler Rd, Ste 462<br>Miami FL 33157-6437 |
|---|---|
| Make checks payable and mail to: | Saint Barnabas Medical Center<br>P.O. Box 29960<br>New York NY 10087-9960 |

| CIRCLE CARD USING FOR PAYMENT | | |
|---|---|---|
| CARD NUMBER + 3 OR 4-DIGIT SECURITY CODE (ON BACK) | | AMOUNT |
| CARD BILLING ADDRESS AND ZIP CODE | | |
| SIGNATURE | | EXP DATE |

Saint Barnabas Medical Center
P.O. Box 29960
New York NY 10087-9960

(D.E. 1, Ex. A, Collection Letter.)

Ferrulli claims the collection letter "us[es] false, deceptive, or misleading representations or means in connection with the collection of a debt," violating 15 U.S.C. § 1692e(10), and "fail[s] to provide the consumer[-recipient] with a proper notice," as required by 15 U.S.C. § 1692g(a)(3). (Compl. ¶ 36.) Central to his argument is the letter's second paragraph: "If you have any questions regarding this debt you may speak to an account representative by calling our office." (*Id.* ¶ 30; D.E. 11, Opp. Br., 3-4.) Ferrulli asserts that this language could mislead the recipient into thinking that a debt may be disputed *either* by calling BCA *or* by writing to BCA. (Compl. ¶ 43.) Since an effective debt dispute must be in writing, Ferrulli argues that this language renders the letter false and misleading, and so the letter provides ineffective notice. (Compl. ¶¶ 46, 47.)

## II.     Legal Standard

Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), the district court employs a two-part analysis to decide a Rule 12(b)(6) motion to dismiss. First, the court "must take all of the factual allegations in the complaint as true," but is not obligated "to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

Determining a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Merely pleading a cause of action

3

"does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Instead, "[a] complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

### A. Fair Debt Collection Practices Act

"Congress enacted the FDCPA to curb 'abusive, deceptive, and unfair debt collection practices.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018); 15 U.S.C. § 1692(a). The FDCPA is remedial legislation, and as such, "must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC,* 709 F.3d 142, 148 (3d Cir. 2013). With that aim, courts apply the "least sophisticated debtor" standard when deciding whether debt collection practices violate the FDCPA. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015) (reasoning that the standard empowers courts to advance the Act's intent to "protect the gullible as well as the shrewd") (internal citations omitted). The standard is objective; "the specific plaintiff need not prove that [s/he] was actually confused or misled, only that the objective least sophisticated debtor would be." *Id.* at 419.

A successful FDCPA claim requires a plaintiff to prove that "(1) [s/he] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."

4

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). The fourth element is contested here.

**III. Discussion**

Ferrulli claims BCA's collection letter violates two provisions of the FDCPA: (1) 15 U.S.C. § 1692e, which bars the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt"; and (2) 15 U.S.C. § 1692g(a), which outlines the requirements of proper debt notice. The Third Circuit has instructed that "when allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive." *Caprio*, 709 F.3d at 155.

**15 U.S.C. § 1692g**

"Congress adopted 'the debt validation provisions of section 1692g' to guarantee that consumers would receive 'adequate notice' of their rights under the FDCPA." *Id.* at 148 (internal citations omitted). Under § 1692g(a), a debt collector must provide the consumer with a written validation notice that includes:

> "(1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

5

consumer with the name and address of the original creditor, if different from the current creditor."

15 U.S.C. § 1692g(a).

The Third Circuit has provided guidance as to how to determine the sufficiency of a validation notice. *Caprio*, 709 F.3d at 148. Importantly, while a validation notice must include the statutorily required information, mere inclusion is not sufficient; "the required notice must also be conveyed effectively to the debtor." *Id.* Effective conveyance will often turn on whether other language in the letter "overshadow[s] or contradict[s]" the validation notice. *Id.* Courts analyze both the substance and form of the debt collection letter when making this fact-specific determination. *Id.* at 150.

In *Caprio*, the Third Circuit ruled that the debt collection letter in question did not satisfy § 1692g(a), citing both substance and form-related reasons. *Id.* at 155. The court acknowledged that the letter contained the statutorily required validation notice, but found the statement "If we can answer any questions, or if you feel you do not owe this amount, please call us toll free at 800-984-9115 or write us at the above address" problematic. *Id.* at 150. The court reasoned that the communication could lead the "least sophisticated debtor" to believe "[s/he] could effectively dispute the validity of the debt by making a telephone call. . . ." *Id.* at 151.

Further, the court found that the letter's physical characteristics compounded its substantive flaws. The language that the recipient should "please call" and the toll-free number provided for such a call were bolded in large font, drawing "even

6

more attention . . . to th[e] deficient alternative." *Id.* at 151. Conversely, the words "write us at the above address" and the mailing address were neither bolded nor enlarged. Finally, unlike the "please call" language appearing in the body of the collection letter, the validation notice was on the back side of the letter. *Id.* at 151-152.

*Caprio* provides a helpful framework for determining whether a debt communication violates the FDCPA. Two subsequent opinions in this district share facts more analogous to Ferrulli's, and the Court finds their application of the *Caprio* analysis most instructive.

The collection letter challenged in *Reizner v. National Recoveries, Inc.*, No. 17-2572, 2018 WL 2045992 (D.N.J. May 2, 2018) (Vazquez, J.), included the statement: "You may write to us at the address listed below or telephone us at the number provided below." *Id.* at *1. Judge Vazquez found that the letter satisfied § 1692g(a). He noted it "never expressly states that Plaintiff should call [the creditor] to dispute the debt." *Id.* at *9. Further, the validation notice appeared on the front page in bold typeface.

The collection letter in *Borozan v. Financial Recovery Services, Inc.*, No. 17-11542, 2018 WL 3085217 (D.N.J. June 22, 2018) (Wolfson, J.), also included the statutory validation notice, preceded by a statement similar to the one Reizner contested: "Please feel free to call us at the toll-free number listed below or use our online consumer help desk." *Id.* at *1. In finding the language of the letter complied with the FDCPA, Judge Wolfson emphasized that the important

7

consideration was whether it "'instruct[ed] or suggest[ed]' an alternative method of disputing the debt beyond what the letter instructs in the validation notice"—as opposed to merely inviting the recipient to call with questions. *Id.* at *6 (citation omitted).

Assessing the letter's form, Judge Wolfson noted that no portion of the letter was bolded; the validation notice was contained in the main body of the letter, not on the reverse side; and the font was standard throughout. *Id.* She concluded that "the letter evaluated as a whole would not lead to multiple interpretations by the least sophisticated consumer," and granted defendant's motion to dismiss. *Id.*

Here, Ferrulli argues that the invitation in BCA's letter to call with "any questions regarding this debt" improperly misleads the debtor into thinking s/he can dispute the debt either by calling or by writing. (Opp. Br. 5.) The specific language reads:

> If you have any questions regarding this debt you may speak to an account representative by calling our office. Absent any communication from you we will expect to receive payment on this account. Our office is open 8:00 AM to 5:00 PM Monday through Friday and some evenings until 8:00 PM, EST.

(*Id.* at 1.)
Unlike the *Caprio* letter, BCA's letter does not invite the debtor to call if s/he feels he does not owe the amount referenced. Instead, it constitutes a simple invitation to call "if you have any questions regarding this debt"—neither superseding or swallowing up the instructions about how to dispute the debt, nor providing an alternative method for that purpose. BCA's language expresses the kind of

8

invitation "to call or write if '[the debt collector] can answer any questions'" that the Third Circuit distinguished from the language it rejected in *Caprio*. 709 F.3d at 152.

BCA's letter also avoids the format flaws present in the *Caprio* letter. Instead, the letter is organized and formatted in much the same manner as the letter in Judge Wolfson's *Borozan* opinion: the validation notice appears on the front page in the body of the letter; the text of the letter has a uniform font; and no text is bolded. Arguably, BCA's letter is even more debtor-friendly insofar as it repeats information about mounting a dispute in writing. It lists BCA's mailing address three times and its phone number only once, whereas in the *Borozan* letter, the phone number appears five times.

The Court finds the substance and the form of BCA's collection letter do not overshadow or contradict the validation notice such that the least sophisticated debtor could conclude the debt could be disputed by either writing or calling. The relaxed standard protects naïve consumers, but it still "'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (internal citations omitted).

**15 U.S.C. § 1692e(10)**

Additionally, Ferrulli asserts that BCA's letter violates 15 U.S.C. § 1692e(10), which bars the use of "any false, deceptive, or misleading representation or means

9

in connection with the collection of any debt." Ferrulli's § 1692e and § 1692g claims are premised on the same allegation—that the letter could lead the least sophisticated debtor inaccurately to conclude there are two valid methods of disputing the debt—writing and calling. The Court has held that the letter is not susceptible to two different meanings; it follows that the contested language cannot be labeled a "false, deceptive, or misleading representation," and does not violate § 1692e.

## IV. Conclusion

The Court finds that BCA's collection letter provides proper notice as mandated by 15 U.S.C. § 1692g(a)(3) and does not contain a false, deceptive, or misleading representation, barred by 15 U.S.C. § 1692e(10). Accordingly, the Court grants BCA's motion to dismiss.

An appropriate order will follow.

<u>s/ Katharine S. Hayden</u>
Katharine S. Hayden, U.S.D.J.

Dated: September 28, 2018